## Award of Contract After Tied Bids. No. 2.

MARGIOTTI, Attorney General, May 26, 1936.—We have your request for this department's revision of formal opinion no. 187, dated December 16, 1935: Award of Contract After Tied Bids, 25 D. & C. 32.

You state that it is impossible for you to comply with that opinion, inasmuch as it requires you to exercise sound and honest discretion in awarding contracts to the bidder who, in your judgment, is the lowest responsible bidder, where tie bids are submitted.

You state further that in many instances tie bids were received from bidders of equal responsibility; that in such cases you have readvertised and done everything possible to secure a low responsible bidder, but that, because of preliminary agreements between the bidders, it is impossible to receive bids for certain materials which are not tied. In other words, further readvertising would be futile, inasmuch as you would still be faced by the same problem. You request advice as to what procedure should be followed and what your rights and duties are in such cases.

The practice of submitting equal bids, now engaged in by various bidders, is of the most pernicious nature. By such collusion, such bidders are assured that one of them will be awarded the contract, and, consequently, they are enabled to create a virtual monopoly within their own group for the particular commodity which they have for sale. Furthermore, it enables the parties to such agreement to maintain and receive higher and unreasonable prices for their product than the State would ordinarily be required to pay. Such collusive agreements have, in the past, cost the State millions of dollars, and must be broken up. To permit this practice to continue by awarding contracts by lot in such cases not only is illegal, but amounts to a furtherance on the part of State officials of a vicious and insidious practice.

Furthermore, at a conference attended by you, Honorable Charles A. Waters, State Treasurer, and Honorable Frank E. Baldwin, Auditor General, it was unanimously agreed that the practice of collusive bidding could not be broken up through the medium of awarding such contracts by lot; that the only effective solution of the problem would be to permit you to award contracts to any

bidder who you, in your sound judgment, concluded was among the lowest bidders of equal responsibility. The above mentioned parties also agreed that if awards were made by you in such manner they would unhesitatingly approve the same.

There is nothing in the law which prohibits you from making an award in such manner.

You are, therefore, advised that, where bidders have submitted equally low bids, and you find that two or more of them are of equal responsibility, you may award the contract to one of the lowest responsible bidders, so long as you designate to whom the contract shall be awarded.

From Frederic Ray, Harrisburg.